# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITTENHOUSE ENTERTAINMENT, INC.; THE MINES, INC.; G NET COMM. CO.; PHOENIX ESTATES; and THOMAS J. GRECO; | CIVIL ACTION NO. 3:11-CV-617 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| CITY OF WILKES-BARRE; THOMAS LEIGHTON, *individually and as Mayor of Wilkes-Barre*; GERALD DESSOYE, *individually and as Chief of Police of Wilkes-Barre*; J.J. MURPHY, *individually and as City Administrator of Wilkes-Barre*; TONY THOMAS, JR., KATHY KANE, WILLIAM BARRET, RICK CRONAUER, and MICHAEL MERRITT, *individually and as Members of the Wilkes-Barre City Council*; BUTCH FRATI, *individually and as Director of Operations of Wilkes-Barre*; LUZERNE COUNTY; MICHAEL SAVOKINAS, *individually and as Luzerne County Sheriff*; KING'S COLLEGE; and FATHER THOMAS J. O'HARA, ROBERT MCGONIGLE, PAUL LINDENMUTH, and JOHN MCANDREW, *individually and as Officers and Employees of Kings College*; | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion for Reconsideration by Defendants Luzerne County and Michael Savokinas ("the County Defendants"). Because the County Defendants fail to demonstrate a clear error of law or fact in the Court's previous order denying in part their motion to dismiss, the motion for reconsideration will be denied.

**I. Background**

Entrepreneur Thomas Greco and several affiliated companies brought suit against the City of Wilkes-Barre and several of its officials, Luzerne County and its sheriff, and King's College and several of its employees. An extended review of the facts alleged in the complaint can be found in *Rittenhouse Entertainment, Inc. v. City of Wilkes-Barre*, No. 3:11-CV-617, 2012 WL 928488, at *1 (M.D. Pa. Mar. 19, 2012). Because I now write only for the parties, I will address just the facts relevant to the instant motion.

The following are the facts as alleged by Plaintiffs in their complaint:

Mr. Greco is the officer, director, and principal of two of the Plaintiff Corporations: The Mines, Inc. and Rittenhouse Entertainment, Inc. (collectively, the "Entertainment Corporations"). These Plaintiffs own and operate a nightclub and bar called The Mines, which attracted a significant number of black and Latino patrons. Officials from the City contacted Mr. Greco about their concerns about The Mines attracting "the wrong crowd." Then on April 16, 2009, police officers from the City began creating and embellishing police reports to make it appear as if criminal incidents were occurring on the nightclub's property. The following weekend, on April 23, 2009, police officers from the City gathered on the property and harassed its patrons. About a week later, around April 30, 2009, a large police presence stationed itself outside the nightclub for the purpose of harassing Mr. Greco and the nightclub patrons. The presence included Sheriff Savokinas, eight Luzerne County sheriff's deputies, four vehicles, three Pennsylvania State Liquor Control Enforcement agents, a Wilkes-Barre SWAT team, eight Wilkes-Barre police vehicles, a motorcycle police officer, and two K-9 dogs. The officers did not arrest anyone or issue any citations.

Prior to this police harassment, the nightclub had never faced any legal enforcement

action or received any citations from Liquor Control. City and County law enforcement did not engage in similar police actions against other bars in the area with primarily white patrons, despite those establishments having numerous incidents of crime, violence, noise, and citations. As a result of the harassment, the nightclub began to lose business and can now only afford to open a few times each month. Plaintiffs lost significant income and income prospects; Mr. Greco suffered damage to his reputation.

Plaintiffs filed their initial complaint on April 4, 2011. The complaint contained eight counts; five were alleged against the County Defendants.[1] In Count I, Mr. Greco and the Entertainment Corporations asserted claims under 42 U.S.C. §§ 1983 and 1985 against the County Defendants for a violation of the Equal Protection Clause. In Count II, Mr. Greco and the Entertainment Corporations asserted claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 against the County Defendants, alleging retaliation and a conspiracy. In Count III, Mr. Greco and the Entertainment Corporations asserted a claim under the Due Process Clause against the County Defendants. In Count V, all Plaintiffs asserted state tort claims against the County Defendants, alleging tortious interference with business relationships, trade disparagement, and defamation. And in Count VIII, Plaintiffs sought attorneys fees.

The County Defendants filed a motion to dismiss on June 6, 2011. On March 19, 2012, I issued an order granting in part and denying in part their motion. The following claims were dismissed: (1) Mr. Greco's and Rittenhouse's claims in Count I; (2) all claims against the County Defendants in Count II; (3) the Fifth Amendment claim against the County Defendants in Count III; (4) all claims against the County Defendants in Count V;

---

[1] These counts were also alleged against other Defendants, but only the claims against the County Defendants are relevant to the instant motion.

and (5) the claims in Count VIII. However, the Plaintiffs were allowed to proceed against the County Defendants with two claims: (1) Count I's Equal Protection Clause claim; and (2) Count III's Fourteenth Amendment Due Process Clause claim.

On April 2, 2012, the County Defendants filed the instant motion for reconsideration of the March 19 order's denial of their motion to dismiss the Equal Protection Clause and Due Process Clause claims. The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry.[2] A party may not use a motion for reconsideration to merely reargue issues that the court has already determined. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration of judgment is only appropriate where the moving party has demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified*

---

[2] Plaintiffs argue that because they filed an amended complaint on April 6, 2012, the County Defendants should have raised their objections in a motion to dismiss that amended complaint instead of filing a motion to reconsider the failure to dismiss claims in the first complaint. However, they cite to no cases supporting this narrow construction of the ability to move for reconsideration, and the text of Rule 59(e) does not contain such a restriction. Thus, the County Defendants' motion for reconsideration is a proper medium for their objections.

4

*Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

### III. Discussion

The County Defendants move for reconsideration on the grounds that the failure to dismiss Plaintiff's Equal Protection Clause and Due Process Clause claims was a clear error of law and fact. In the March 19 order, I determined first that Plaintiffs could proceed with their Equal Protection Clause claims because they alleged facts showing that they were subjected to different treatment than similarly situated nightclubs and business owners without any rational basis, which constitutes a valid Equal Protection Clause claim under the "class of one" theory. *Rittenhouse*, 2012 WL 928488 at *12. Additionally, I determined that Plaintiffs successfully pleaded a Due Process Clause claim because they alleged that they were deprived of their right to use and enjoy their property, Mr. Greco was deprived of his liberty interest in his occupation, and the deprivations were shocking to the conscience. *Id.* at *22-23.

Because the County Defendants have failed to meet their burden of showing a clear error of law or fact in these decisions, their motion for reconsideration will be denied. They assert that the complaint does not contain sufficient facts regarding the actions and intent of the County Defendants, and instead simply attempts to ascribe to them the actions and intent of the City Defendants. Additionally, they claim that under *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), a plaintiff cannot assert a "class of one" Equal Protection Clause claim based on a government official's exercise of discretion not governed by any rule. Finally, they argue that Plaintiffs failed to allege the deprivation of a fundamental right and or a deprivation that shocks the conscience. However, the County Defendants raised most of these arguments in their

briefs supporting their motion to dismiss, and merely rearguing them here is insufficient to establish a clear error of law or fact.

First, there was no clear error in the finding that the complaint pleaded sufficient facts against the County Defendants. The complaint states that nine officers from the Luzerne County Sheriff's Department (including Sheriff Savokinas) were part of an extensive police presence outside the nightclub. (Compl. ¶ 30). The complaint alleges that this law enforcement presence was "designed to . . . target[] and harass[] plaintiffs and prospective patrons of The Mines," and this assertion is nonspecific such that it encompasses both City and County law enforcement officers. (Compl. ¶ 54). Further, the complaint explains that law enforcement officers did not conduct similar actions outside other nearby bars that served primarily white patrons, and again, this assertion is nonspecific such that it encompasses both City and County law enforcement officers. (Compl. ¶ 57). Finally, the complaint alleges that the law enforcement action was taken pursuant to a custom and policy of the County. (Compl. ¶ 59). All these allegations sufficiently state a claim that the County Defendants intentionally violated the Plaintiffs' rights.

Further, the Supreme Court's decision in *Engquist* does not support a finding of clear error of law. *Engquist* stands only for the narrow proposition that "the class-of-one theory of equal protection does not apply in the public employment context." 553 U.S. at 594. The *Engquist* decision was based on the "crucial difference . . . between the government exercising 'the power to regulate or license, as lawmaker,' and the government acting 'as proprietor, to manage [its] internal operation.'" *Id.* at 598 (alteration in original) (quoting *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S.

6

886, 896 (1961)). The instant case, however, does not involve public employment or the government's role as proprietor, and thus the reasoning from *Engquist* is not applicable.

Finally, the County Defendants have not shown any clear error in the decision to not dismiss the Plaintiffs' Due Process Clause Claims. They argue first that the Court misplaced reliance on *Benigni v. City of Hemet*, 879 F.2d 473 (9th Cir. 1988). In *Benigni*, the Ninth Circuit Court of Appeals affirmed a jury verdict for a bar owner on a Due Process Clause claim where "excessive and unreasonable police conduct was intentionally directed towards [plaintiff's] bar to force him out of business." *Id.* at 478. According to the County Defendants, this case is inapposite because Mr. Greco was an entrepreneur, and "was not pursuing an occupation that involved deriving his income from tending bar." (Defs.' Br. in Supp. at 18). But this argument does not establish clear error, as the *Benigni* decision was not premised on the bar owner's "deriving his income from tending bar." Nowhere in *Benigni* is there any indication that the bar owner actually tended bar; in fact, it is possible that he also was an entrepreneur who owned several other businesses. Further, the County Defendants fail to cite to any cases establishing that an individual's liberty to pursue his occupation as a bartender receives greater constitutional protection than an individual's liberty to pursue his occupation as an entrepreneur. Next, the County Defendants argue that "the possibility of a future contract" is not a property interest, according to *Municipal Revenue Services, Inc. v. McBlain*, 347 Fed. App'x 817, 826 (3d Cir. 2009). However, *McBlain* is distinguishable from this case for two reasons. First, there were no allegations of any interference with the use or enjoyment of real property in *McBlain*. In this case, on the other hand, Plaintiffs do not argue the mere loss of potential business, but rather a deprivation of

their ability to use and enjoy the real property on which the nightclub is located. Further, the plaintiffs in *McBlain* did not assert any liberty interests in their occupation, as Mr. Greco does here. Thus, the County Defendants' citation to *McBlain* does not demonstrate any clear error in the March 19 order.[3] Finally, the County Defendants argue that under *Smith v. City of Lebanon*, 387 Fed. App'x 186, 188 (3d Cir. 2010),[4] "excessive law enforcement" does not constitute conscience-shocking behavior. But *Smith* did not involve allegations of racial bias, and thus is factually distinct from the instant case. Therefore, the County Defendants have failed to demonstrate a clear error of law or fact necessitating a reconsideration.

## IV. Conclusion

For the reasons stated above, the County Defendants' motion for reconsideration will be denied. An appropriate order follows.

| | |
|---|---|
| June 4, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

[3] It should also be noted that, as an unpublished case, *McBlain* is not binding on this Court. *See Jamison v. Klem*, 544 F.3d 266, 278 n.11 (3d Cir. 2008).

[4] This is also an unpublished, nonprecedential case.