## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITTENHOUSE ENTERTAINMENT, INC., *et al.*, | : | Civil No. 3:11-CV-00617 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF WILKES-BARRE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

This is a civil rights case that was recently remanded from the United States Court of Appeals with instructions to consider whether Defendants were entitled to summary judgment on the basis of qualified immunity and whether Defendants were entitled to summary judgment as to Plaintiffs' tortious interference with a contract claim. Following the remand, the court granted the Defendants summary judgment in part and denied it in part. All parties have moved for partial reconsideration of the court's order. (Docs. 240, 242, 244.) The motions for reconsideration are fully briefed and ripe for the court's review. For the reasons that follow, Defendants' motions for reconsideration are denied and Plaintiffs' motion for reconsideration is granted in part and denied in part.

## BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs filed their amended complaint, which remains the operative pleading in this case, on April 6, 2012, raising several federal and state claims. (Doc. 36.)  The court granted Defendants' motions to dismiss in part and denied them in part on June 4, 2012.  (Docs. 59–60.)  All three groups of Defendants moved for summary judgment following the close of fact discovery.  (Docs. 135, 138, 141.)  The court granted summary judgment as to all remaining federal claims on August 8, 2018, and declined to exercise supplemental jurisdiction over the remaining state law claims.  (Docs. 201–02.)  Plaintiffs appealed.  (Doc. 203.)

On appeal, the Third Circuit vacated and remanded in part and affirmed in part.  *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 782 F. App'x 148, 150 (3d Cir. 2019).  The Third Circuit found that summary judgment was inappropriate as to the claims raised in Counts I, II, and III against the City and College Defendants and accordingly vacated and remanded for further proceedings on those claims.  *Id.* at 153–54.  The Third Circuit affirmed the grant of summary judgment as to all claims raised against the County Defendants and all claims raised in Counts IV and VI.  *Id.* at 155–56.  Because the Third Circuit vacated and remanded as to some of

---

[1] Because the court writes primarily for the parties, this section only includes background and procedural history that is essential to understanding the motions for reconsideration.  For a more complete background and procedural history, please see the court's May 7, 2021 summary judgment opinion.  (Doc. 238.)

Plaintiffs' federal claims, the court additionally vacated the court's decision to decline to exercise supplemental jurisdiction over the tortious interference claim and remanded for further proceedings on that claim. *Id.* at 156 n.6.

Following remand from the Third Circuit and court-ordered supplemental briefing on the issues of qualified immunity and tortious interference, the court issued a memorandum and order on May 7, 2021, granting summary judgment as to the remaining claims in part and denying summary judgment in part. (Docs. 238–39.) The court found that all individual defendants were entitled to qualified immunity as to the claims raised in Counts I, II, and III, and accordingly granted summary judgment to the individual defendants on that basis. (Doc. 238, pp. 21–28.) The court additionally granted summary judgment to Defendants Murphy, Thomas, Kane, Barrett, Cronauer, Merritt, and Frati on Plaintiffs' tortious interference with a contract claim, but denied summary judgment on that claim as to Defendants Leighton, Dessoye, O'Hara, and McGonigle. (Doc. 238, pp. 29–34.)

All parties filed partial motions for reconsideration on May 21, 2021. (Docs. 240, 242, 244.) Defendants' motions seek reconsideration of the court's decision to deny summary judgment for the tortious interference claim as to Defendants Leighton, Dessoye, O'Hara, and McGonigle. (Docs. 240, 242.) Plaintiffs' motion seeks reconsideration of the court's decision to grant qualified immunity to the individual Defendants and additionally seeks reconsideration of the court's

granting of summary judgment to Defendant Murphy as to the tortious interference claim. (Doc. 244.)  Plaintiffs alternatively argue that if the court does not grant reconsideration, it should instead issue a certificate of appealability to allow Plaintiffs to immediately appeal to the Third Circuit. (Doc. 245, pp. 12–14.) Briefing on all three motions for reconsideration is complete, *see* Docs. 241, 243, 245, 249–54, and the motions are accordingly ripe for the court's disposition.

### STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)).  Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D.

4

PA. 2020) (citing *Vaidya Xerox Corp.*, No. 97-CV-00547, 1997 WL 732464, *2

(E.D. Pa. Nov. 25, 1997)).  A "mere disagreement" with a court's legal conclusion

is not a sufficient basis for reconsideration.  *Chesapeake Appalachia, LLC v. Scout*

*Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (citing *Mpala v. Smith*,

No. 3:06-CV-00841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)).

Although a court may reconsider a prior order based on a party's motion,

motions for reconsideration "should be granted sparingly as federal courts have a

strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*,

388 F. Supp. 2d 484, 488 (M.D. Pa. 2005).  The decision of whether to grant a

motion for reconsideration is left to the discretion of the district court.  *Le v. Univ.*

*of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

## DISCUSSION

### A. Defendants' Motions for Reconsideration Are Denied

The court will first consider Defendants' arguments that the court should

reconsider the denial of summary judgment as to Plaintiffs' tortious interference

with a contract claim.  (Doc. 241, 243.)  In denying summary judgment as to that

claim, the court relied on persuasive authority from the Western District of

Pennsylvania in *Cole v. Encapera*, No. 2:15-CV-00104, 2017 WL 3503121 (W.D.

Pa. Aug. 16, 2017), reversed in nonrelevant part, 758 F. App'x 252 (3d Cir. 2018).

*Cole*, like the present case, involved a tortious interference claim brought by the

owner of a bar alleging that local police had tortiously interfered with the bar's

business through increased police presence that allegedly caused individuals to

stop patronizing the bar.  *Id.* at *4.  This court summarized *Cole* as follows:

> In *Cole*, local police allegedly parked their cars outside of a plaintiff's
> bar and regularly accosted individuals as they entered and exited the
> bar, which allegedly caused customers to stop going to the bar.  *Id.* at
> *4.   The plaintiff brought a claim for tortious interference with a
> contract, and one of the defendant police officers moved for summary
> judgment, arguing that the tortious interference claim failed because the
> plaintiff could not specifically name any customers who had stopped
> going to the bar as a result of the police presence.  *Id.* at *20.  The court
> rejected this argument, finding it immaterial that the plaintiff could not
> name any specific customers who had stopped going to the bar, since
> there was evidence in the record from which it could be inferred that
> the police presence had caused people to stop going to the bar.  *Id.*

(Doc. 238.)

After summarizing the facts and holding of *Cole*, this court stated that it

found *Cole* persuasive in deciding whether summary judgment was warranted in

the present case.  The court noted the undisputed evidence that there was increased

police presence around The Mines during the relevant period and that business at

The Mines "slowed considerably in the months following the increased police

presence," and therefore concluded that "a reasonable finder of fact could infer that

this slowdown in business was because of the increased police presence."  (*Id.* at

32–33.)  "Plaintiffs," the court continued, "have therefore presented sufficient

evidence to establish the existence of a contract or a prospective contractual or economic relationship." (*Id.* at 33.)

All Defendants argue that the court's reliance on *Cole* is misplaced. The College Defendants note that the court found *Cole* "persuasive, and essentially controlling in this matter," which the College Defendants argue was a clear error of law because *Cole* runs contrary to Pennsylvania precedent on what is required for a plaintiff to succeed on a tortious interference claim. (Doc. 241, pp. 5–6.) The College Defendants further argue that even if *Cole* is relied upon by the court, they should still be granted summary judgment on the tortious interference claim because Plaintiffs "have not even reached *Cole's* newly established, low evidentiary standard." (*Id.* p. 7.) According to the College Defendants, the court's conclusion that a reasonable finder of fact could infer that the slowdown in The Mines' business was due to the increased police presence "is based on nothing more than speculation . . . which draws a nexus without evidence, [and] should never be allowed in the courtroom." (*Id.* at 12–13.) The City Defendants also argue that the court's reliance on *Cole* is misplaced because *Cole* "is not controlling precedent and its reasoning contradicts well-settled Pennsylvania law which is controlling and requires the specific identification of the contract or business relation with which the City Defendants allegedly interfered." (Doc. 243, p. 2.)

7

The court will deny Defendants' motions for reconsideration, as their arguments amount to nothing more than a disagreement with the court as to the persuasive value of *Cole*, which is not a sufficient basis for reconsideration. *See, e.g.*, *Fouad v. Milton Hershey Sch. & Sch. Tr.*, No. 1:19-CV-00253, 2020 WL 8225506, at *2 (M.D. Pa. Feb. 19, 2020) (noting that party's disagreement with court as to whether a prior case applied to factual scenario before the court was not a sufficient basis for reconsideration). As Plaintiffs aptly state in their opposition brief, "[t]o follow a persuasive authority with which defendants disagree, is not a clear error of law." (Doc. 251, p. 3.)

### B. Plaintiffs' Motion for Reconsideration Is Granted to the Extent that it Seeks Reconsideration of the Court's Decision to Grant Qualified Immunity to Defendants O'Hara and McGonigle

Turning to Plaintiffs' motion for reconsideration, the court will first consider the argument that the court erred in granting qualified immunity to individual College Defendants O'Hara and McGonigle. (*See* Doc. 245, p. 12.) Having reviewed the court's prior opinion in light of Plaintiffs' motion for reconsideration, the court finds that it committed a clear error of law in this ruling and will accordingly reconsider its decision and reinstate the claims in Counts I, II, and III against O'Hara and McGonigle.

When the issue of qualified immunity was previously before the court, O'Hara and McGonigle asserted that they were entitled to qualified immunity

under *Filarsky v. Delia*, 566 U.S. 377 (2012), because Plaintiffs alleged in their complaint that O'Hara and McGonigle were working in concert with government officials.  (*See* Doc. 221, pp. 8–10.)  Plaintiffs responded that the question of whether a defendant is acting in concert with a government actor is a distinct question from whether that defendant is entitled to qualified immunity.  (Doc. 225, pp. 25.)  Plaintiffs therefore argued that O'Hara and McGonigle were not entitled to qualified immunity because they had not made any argument as to why they were entitled to qualified immunity beyond the fact that they were allegedly acting in concert with government actors.  (*Id.* at 25–26.)

The court agreed with Plaintiffs that O'Hara and McGonigle had not sufficiently argued why they were entitled to qualified immunity, noting that although O'Hara and McGonigle had argued that the case was analogous to *Filarsky*, they had not taken "the extra and necessary step of arguing why they are entitled to qualified immunity if *Filarsky* does apply." (Doc. 238, p. 28.)  The court nevertheless decided that O'Hara and McGonigle were entitled to qualified immunity because the right at issue in the case was not clearly established at the time the facts of the case had occurred.  (*Id.*)  "Accordingly," the court stated, "assuming without deciding that *Filarsky* applies to the present case, the individual College Defendants are granted summary judgment as to Counts I, II, and III on the basis of qualified immunity." (*Id.*)

9

The court committed a clear error of law in reaching this conclusion.  By declining to decide whether *Filarsky* applied, the court allowed O'Hara and McGonigle to obtain the benefit of qualified immunity without first deciding the threshold issue of whether they could be entitled to qualified immunity in the first place.  In effect, the court got the analysis backwards: the court decided that because the right at issue was not clearly established, it would not need to reach the issue of whether O'Hara and McGonigle could be considered state actors, whereas the correct analysis would be to decide whether O'Hara and McGonigle could be considered state actors, and, if they could not, the court would not need to determine whether the right at issue was clearly established.

With that error in reasoning identified, the court's remaining analysis is straightforward.  As the court previously recognized, "the question of whether a defendant has acted in concert with a government actor is a distinct question from whether the defendant is entitled to qualified immunity."  (Doc. 238.)  O'Hara and McGonigle argued that they were entitled to qualified immunity because the Plaintiffs' complaint alleged that they were acting in concert with government actors, but a defendant acting in concert with a government actor is not by itself sufficient to establish that that defendant is entitled to qualified immunity. Accordingly, because defendants asserting that they are entitled to qualified immunity have the burden to prove that the doctrine applies, *Halsey v. Pfeiffer*, 750

F.3d 273, 288 (3d Cir. 2014), and O'Hara and McGonigle did not take "the extra and necessary step of arguing why they are entitled to qualified immunity," the court concludes that those Defendants are not entitled to qualified immunity. The court will therefore grant Plaintiffs' motion for reconsideration to the extent that it seeks reconsideration of the granting of qualified immunity to Defendants O'Hara and McGonigle and reinstate the claims in Counts I, II, and III against those Defendants.

### C. Plaintiffs' Other Qualified Immunity Arguments Are Denied

Plaintiffs make several arguments as to why the court should reconsider its qualified immunity ruling with respect to the individual City Defendants, none of which have merit.

Plaintiffs' first argument is that the court committed a clear error of law because it "mixed" the separate issues of whether the right at issue was clearly established and whether the right was violated. (Doc. 245, p. 4–5.) Plaintiffs do not develop this argument beyond the conclusory and unsupported assertions that the court "disregarded" the Third Circuit's prior ruling in this case and that the court "provided [a] narrative of facts" that emphasized the "growing violence" outside of The Mines. (*Id.* at 5.) Because Plaintiffs fail to explain *how* the court disregarded the Third Circuit's opinion or otherwise committed a clear error of law, this argument is rejected.

11

Plaintiffs' second argument is that the court committed a clear error of law by "reinstating a one-sided and disputed narrative of the facts" and "implying the evidence did not support a violation of Plaintiffs' right to equal protection." (*Id.* at 5.) This argument is without merit because the court's ruling that the Defendants were entitled to qualified immunity was based on the conclusion that "the right at issue in this case was not clearly established at the time of the alleged violation." (Doc. 238, p. 25.) Thus, the court's statement of the material facts in the case was irrelevant to its conclusion with respect to qualified immunity.

Plaintiffs' third argument is that the court committed a clear error of law in determining that the right at issue was not clearly established at the time of the alleged violation. (Doc. 245, p. 9.) In the relevant portion of the court's opinion, the court noted that it could look to Supreme Court cases, controlling circuit precedent, or a robust consensus of persuasive authorities from other circuits to determine whether the right at issue was clearly established. (Doc. 238, p. 23.) Applying that standard, the court held that Plaintiffs had failed to show that the right at issue was clearly established because the only case Plaintiffs cited that was factually on point was *Desi's Pizza, Inc. City of Wilkes-Barre*, No. 01-CV-00480, 2006 WL 2460881 (M.D. Pa. Aug. 23, 2006), which could not establish a right because it was an unpublished case. (Doc. 238, p. 24 (citing *El v. City of Pittsburgh*, 975 F.3d 327, 340 (3d Cir. 2020)).

12

Plaintiffs argue that this conclusion constitutes a clear error of law because it "misapprehend[s] the import of *Desi's Pizza*." (Doc. 245, p. 9.) *Desi's Pizza*, according to Plaintiffs, states that the right at issue was clearly established, it does not itself establish the right. (*Id.*) This argument is without merit. Controlling case law from the Third Circuit clearly states that unpublished cases cannot establish a right for purposes of qualified immunity. *See El*, 975 F.3d at 340–41. Plaintiffs do not cite any case law to support an exception to this rule where a case states that a right exists rather than establishing the right itself. Their contrary reading of *Desi's Pizza* is, therefore, a distinction without a difference.

Plaintiffs' fourth argument is that the court "overlooked that *Desi's Pizza* was brought against the City of Wilkes-Barre, the lead defendant in this action, such that the individual City Defendants would have known of the case regardless of whether it was published." (Doc. 245, p. 9.) This argument is also without merit, as the court's opinion clearly shows that it did not overlook the fact that Wilkes-Barre was the defendant in *Desi's Pizza*. (*See* Doc. 238, p. 24 (describing *Desi's Pizza* as "an unpublished case from this district in which the owners of a pizza shop in Wilkes-Barre alleged that *Wilkes-Barre* and various Wilkes-Barre employees had violated its constitutional rights by selectively enforcing local laws against the pizza shop based on the race of the pizza shop's customers" (emphasis added)).)

13

Plaintiffs' fifth argument is that the court "erred in not recognizing that, by 2009, the wrongfulness of using State power to destroy a lawful business for racial reasons was obvious." (Doc. 245, p. 10.) The court disagrees that it made such an error. In defining the right at issue for purposes of a qualified immunity analysis, a court must not define the right at issue at a "high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)). That is exactly what Plaintiffs invite the court to do here, and their argument is accordingly rejected.

### D. Plaintiffs' Motion for Reconsideration Is Denied to the Extent that it Seeks to Reinstate the Tortious Interference Claim Against Defendant Murphy

Plaintiffs' final argument for reconsideration seeks to reinstate the tortious interference claim against Defendant Murphy. (Doc. 245, p. 14.) The court granted summary judgment to Murphy on the tortious interference claim because there was "no evidence in the record from which a reasonable finder of fact could conclude that [he] exercised direct control over the Wilkes-Barre Police Department or caused the increased police presence outside of The Mines." (Doc. 238, p. 34.) Plaintiffs argue that this was error because Defendant Leighton testified in his deposition that Murphy oversaw the Wilkes-Barre Police Department. (Doc. 245, p. 14.)

14

Plaintiffs' argument is rejected because Plaintiffs did not introduce the evidence that Murphy oversaw the police department at any point before the court's decision, either before or after the appeal to the Third Circuit.  (*See* Doc. 159, pp. 91–122; Doc. 226, pp. 1–24.)  To the contrary, Plaintiffs' brief following the remand from the Third Circuit only mentioned Defendants Leighton, Dessoye, O'Hara, and McGonigle as Defendants who could be held liable for tortious interference.  (*See* Doc. 226, p. 14 ("the excessive law enforcement near The Mines was created by City and College defendants, including the Mayor, Police Chief, College President O'Hara, and Dean McGonigle, working together.").)  The court will therefore reject the argument because a motion for reconsideration cannot be used to introduce "evidence that could have been proffered prior to the issuance of the order in question."  *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295–96 (M.D. Pa. 2016) (quoting *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

### E.  Plaintiffs' Motion for Certificate of Appealability Is Denied

Finally, the court will consider Plaintiffs' argument that if reconsideration is not granted, the court should issue a certificate of appealability to allow Plaintiffs to immediately appeal to the Third Circuit.  (Doc. 245, pp. 12–14.)

A district court may certify an order for appeal if the court finds that it "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Thus, certification under § 1292(b) is only proper when "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).  The party seeking a certificate of appealability bears the burden of showing that the certificate should issue. *Consumer Fin. Protection Bureau v. Navient Corp.*, __ F. Supp. 3d __, No. 3:17-CV-00101, 2021 WL 772238, at *3 (M.D. Pa. Feb. 26, 2021) (citing *Orson Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

Plaintiffs have not met that burden in this case.  The only argument Plaintiffs make as to why a certificate of appealability should issue is that the court's decision "differ[s] from the holding of *Desi's Pizza*."  (Doc. 245, p. 13.)  Plaintiffs have not, however, shown that there are "substantial grounds for difference of opinion" on that issue, *Simon*, 341 F.3d at 199, which ordinarily requires a showing that the case raises "one or more difficult and pivotal questions of law not settled by controlling authority." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008)).  Here, as noted above, the question of whether to follow *Desi's*

16

*Pizza* is settled by controlling precedent in *El* holding that unpublished cases cannot establish a right for purposes of qualified immunity. *See El*, 975 F.3d at 340–41. Plaintiffs' motion for certificate of appealability is accordingly denied.

### CONCLUSION

For the foregoing reasons, Defendants' motions for reconsideration are denied and Plaintiffs' motion for reconsideration is granted in part and denied in part. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 10, 2021